IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD CARPENTER<br><br>                              Plaintiff,<br>vs.<br><br>WALMART, INC.<br><br><br>                            Defendants. | Docket No. : |

## COMPLAINT

Plaintiff, Donald Carpenter, by way of Complaint against the Defendant, says:

### COUNT I

1. Plaintiff, Donald Carpenter is an individual, who at all time material hereto lived in Burlington, New Jersey, and at all times relevant hereto, was a resident of the State of New Jersey.

2. Upon information and belief, and at all times relevant herein, the Defendant, Walmart, Inc. is a corporation or other business entity with its corporate offices located in Arkansas, and incorporated in the State of Delaware.

3. Walmart, Inc. is a corporation or other form of business duly licensed to do business in the State of New Jersey, and owns and operates a store located at 2106 Mount Holly Road, Burlington, New Jersey 08016.

4. Federal jurisdiction is based upon diversity of citizenship, 28 U.S.C. Section 1332(a)(1) in that the Plaintiff is a citizen of New Jersey and defendant is a Delaware Corporation.

5. Venue is based upon 28 U.S.C. Section 1391(d), as the defendant's business location where the accident involved herein occurred is located within the judicial district of this court.

6. The Plaintiff's damages exceed the minimum jurisdictional amount required ($75,000) and also exceed the arbitration limit ($150,000), and a jury trial is demanded.

7. At all times material hereto, Defendant owned, controlled, possessed, maintained and operated, through its agents, servants, employees, and/or franchisees, the aforementioned premises and were responsible for the maintenance, repair, cleaning and upkeep of the premises identified above.

8. On or about August 22, 2020, Plaintiff was a patron at the Walmart Store located in Burlington, New Jersey, and was a business invitee of the defendant.

9. As Mr. Carpenter was walking through the store, he was caused to slip on the accumulation of water that leaked from a freezer containing ice that was for sale by the store.

10. At the time of the accident, there were no signs, cones or other warnings of the dangerous and/or defective condition that existed.

11. At the time of the accident, there were no mats placed at or near the freezer to capture the water that was leaking from the machine.

12. As a result of the injury, Mr. Carpenter sustained a severe and permanent injury to his left ankle suffering a left distal fibular fracture, which injury has prevented him from working and engaging in his activities of daily living.

13. As a result of the injury, Mr. Carpenter has incurred medical bills, and has had a loss of earnings and earning capacity, and may not be cleared to return to work, thereby causing a permanent future wage loss.

14. Plaintiff's injuries were caused by the negligence and carelessness of Defendant through Defendant's agent(s), servant(s), employee(s), and/or people under their control in that:

   (a) Defendant failed to exercise reasonable care in the maintenance and care of the aforementioned premises;

   (b) Defendant failed to take adequate steps to warn individuals such as Plaintiff of a slippery and hazardous condition that existed on the premises;

   (c) Defendant failed to properly maintain or cause to have maintained the aforementioned premises and allowed a dangerous condition to exist for an unreasonable amount of time;

   (d) Defendant failed to install or utilize proper maintenance procedures to prevent hazardous conditions and to assure a safe walking surface existed;

   (e) Defendant allowed to exist on its property a hazardous condition, which it knew, or in the exercise of due care and diligence should have known existed;

(f) Defendant failed to repair a leaking condition that allowed water to accumulate on the floor and pose a slipping hazard to business invitees lawfully on the premises such as plaintiff;

(g) Defendant failed to inspect the premises to discover and/or repair a defective and dangerous condition;

(h) Defendant failed to put signs, cones or other warnings at or near the area where the leak occurred to notify patrons, such as plaintiff, of the condition;

(f) Such other acts of negligence, unknown to Plaintiff, as may be learned during the course of discovery.

15. Solely as a result of Defendant's aforesaid negligence, Plaintiff sustained injuries as set forth above.

16. Plaintiff has suffered and may continue to suffer great physical pain, serious and permanent injury and mental anguish; has been and may continue to be prevented from attending to Plaintiff's usual activities, duties, and occupations; has suffered and may continue to suffer a loss of earnings and earning capacity; and has incurred and may continue to incur various medical expenses in and about an effort to cure Plaintiff of the aforesaid injuries and has otherwise expended monies in an effort to remediate the injuries and/or damages caused by the negligence of Defendant.

17. By reason of his injuries, Plaintiff has been prevented from pursuing his daily activities and customary duties and enjoyment from the pleasures of life and may be prevented from doing so in the future, to his great detriment and loss.

18. The injuries and damages sustained by Plaintiff, as set forth above, were the sole proximate result of the aforesaid negligence of Defendant, and the result of an action or failure to act on the part of Defendant.

19. As a result of the negligence of the defendant, and the accident and resulting injuries, it is anticipated that there may be a lien for the payment of Mr. Carpenter's medical bills, which lien is not yet final, for which defendant is liable.

**WHEREFORE**, Donald Carpenter, demands judgment against the Defendant for compensatory damages together with interest and costs of suit in an amount greater than $150,000.

Kamensky, Cohen & Riechelson

**DATE:**   **2/28/2022**

BY:  *Kevin Riechelson*
Kevin Riechelson, Esquire
Attorneys for Plaintiff
194 South Broad Street
Trenton, N.J.  08608
609-394-8585 (P)
609-394-8620 (F)
Kriechelson@kcrlawfirm.com